### SOWLES v. NATIONAL UNION BANK OF SWANTON, VT.

(Circuit Court, D. Vermont. October 9, 1897.)

1. ATTACHMENT OF NATIONAL BANK STOCK—STATE LAWS.
 The levy of an attachment on the shares of a national bank under the Vermont statutes (R. L. §§ 3261, 3262), which do not include national bank stock in their provisions, is of no effect against the defendant in attachment.

2. SAME.

It seems doubtful whether any attachment under state laws can operate as a transfer of shares of national bank stock, since such stock exists solely under the laws of the United States, which provide for transfers, and declare the effect thereof.

This was a suit in equity by Merritt Sowles against the National Union Bank of Swanton, Vt. The cause was heard upon an intervening petition filed by Margaret B. Sowles and Edward A. Sowles.

Edward A. Sowles, for petitioners.

WHEELER, District Judge. Fifty-two and two-thirds shares of the capital stock of the bank stood on the books in the name of Edward A. Sowles, and were long ago attached, so far as they could be under the state statutes, as his, in suits in a state court, the proceedings in which have been long stayed, and lain for want of prosecution. Dividends amounting to $1,040, and five shares of National Car Company stock, belonging with this stock, have been withheld by the receiver, in winding up the affairs of the bank, because of this attachment, and the funds and car stock are now in court. Margaret B. Sowles, who has some color of title to these shares, has joined with Edward A. Sowles in an intervening petition for the payment of the dividends and delivery of the car stock to her, and they have tendered a bond of indemnity to the plaintiff in the attachments. When this attachment was attempted the laws of the state provided, in terms, for the attachment of shares of stock in corporations organized under the laws of the state only. R. L. Vt. §§ 3261. 3262. Shares in a national bank existing wholly under the laws of the United States were not included, if they could be. The laws of the United States provide for the transfer of shares in national banks, and what the effect of the transfer shall be, and this might exclude any effect of transfer proceedings by attachment under state laws. Rev. St. U. S. § 5139. This attachment does not of itself, therefore, seem to be of any force against the defendant in the attachment. His acts, however, in joining in this petition for payment and delivery to Margaret B. Sowles, may be, and for safety they should be, made upon an acquittance from both, and for still greater safety, upon acceptance of the bond. Bond accepted and petition granted.